McKAY, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that Petitioners are clearly refugees and that that itself is not an issue in this case. I also agree that they are entitled to seek asylum which precludes deportation to any country. It is also clear that when asylum is denied, the INS may deport the refugee to anoth *784 er appropriate country. I also agree that withholding of deportation, which the immigration judge ordered in this case, does not preclude the Attorney General from designating an alternate country. I cannot agree, however, that by merely standing mute when given an opportunity to designate an alternate country Petitioners waived their right to challenge that country as appropriate.
In this case, the immigration judge merely withheld deportation and did not designate an alternative country. On appeal, the BIA, on its own motion, designated Canada with no notice or opportunity for Petitioners to challenge that designation as an appropriate country. As I understand the record, the BIA did not consider the merits of Petitioners’ objections to Canada as an appropriate alternative country, even on petition for reconsideration. The BIA, like the panel in this case, apparently took the view that by failing to designate an alternative country Petitioners had waived the right to object to the appropriateness of the country designated by the BIA.
While it is not a part of the record in this case, at argument counsel suggested that in similar cases it is not uncommon for aliens to stand mute when given an opportunity to designate an alternative country. In any event, that standing alone cannot be viewed as waiving the right to challenge the appropriateness of the country eventually named by the BIA. It is altogether possible, and may in fact be true in some cases, that no country is appropriate as an alternative for persons who are in fact refugees. No cases and nothing in logic suggests that refugees have a duty to choose or even know which alternative country would be appropriate. If, as in this case, one is chosen for them, the minimum due process required is that they be given an opportunity to be heard on the question of appropriateness of that particular country. In this very case, it is conceded that the Sudan, through which they passed, would not be appropriate. Had that country been designated by the BIA, it hardly seems arguable that Petitioners waived the right to challenge that designation merely because they did not pick their own poison.
While such record as we have suggests that Canada may be an appropriate country, Petitioners’ challenge to that designation has not been heard on the merits. Indeed, at argument there was some dialogue with counsel about what would happen if Canada refused them reentry. While that came to no resolution, it illustrates why a sound rule requires that when the BIA designates on its own motion an alternative country, Petitioners are entitled at a minimum to a hearing on their objection.
While perhaps a little over-dramatic, by analogy, this case is like the case of one given the death penalty in Utah. That person is given a choice between two forms of execution. By failing to choose which form, it cannot be argued that the accused has waived the right to challenge, on the grounds of Cruel and Unusual, the manner selected for him by the judge.
I would remand for a hearing on the merits of Petitioners’ objections to the designation of Canada as an appropriate alternative country of deportation.